NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GRENADE BEVERAGE, LLC, a California limited liability company,<br><br>Defendant-Appellant. | No. 14-16949<br><br>D.C. No.<br>1:13-cv-00770-AWI-SAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 14, 2016[**]
San Francisco, California

Before: **THOMAS**, Chief Judge, and **KOZINSKI** and **FRIEDLAND**, Circuit Judges.

**1.** We look to several factors to determine whether there is a likelihood

of confusion in a trademark case: (1) similarity of the conflicting designations; (2)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

relatedness or proximity of the two companies' products or services; (3) strength of the plaintiff's mark; (4) marketing channels used; (5) degree of care likely to be exercised by purchasers in selecting goods; (6) the defendant's intent in selecting its mark; (7) evidence of actual confusion; and (8) likelihood of expansion in product lines. Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1053–54 (9th Cir. 1999) (referring to the factors described in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979)). "Although some factors—such as the similarity of the marks and whether the two companies are direct competitors—will always be important, it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." Id. at 1054. We review a lower court's evaluation of the Sleekcraft factors for clear error. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1355 & n.4 (9th Cir. 1985) (en banc).

The district court properly accepted the magistrate judge's determination that at least five of the Sleekcraft factors favored E. & J. Gallo Winery ("Gallo"). The marks "Gallo" and "El Gallo" are similar because they share a dominant word: Gallo. See La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V., 762 F.3d 867, 876 (9th Cir. 2014) (finding that "La Quinta" and "Quinta Real" were similar marks because they shared the word "Quinta"); E. & J. Gallo Winery v. Gallo

Cattle Co., 967 F.2d 1280, 1291–92 (9th Cir. 1992) (affirming the district court's finding that "Gallo" and "Joseph Gallo" were similar marks because "Gallo" was the dominant element in both marks).  Additionally, the strength of the Gallo mark and the fact that both products compete in the beverage industry favor Gallo.  Similarly, the fact that both products are sold at a low price point supports finding a likelihood of confusion.  See Gallo Cattle Co., 967 F.2d at 1293 (explaining that "consumers tend to exercise less care when purchasing lower cost items").  And Gallo also introduced evidence of actual confusion.  See La Quinta Worldwide, 762 F.3d at 876 ("Evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely.").

2.      Grenade argues that the evidence of actual confusion is inadmissible and, in any event, inapposite because it's merely anecdotal evidence that doesn't show actual consumer confusion.  Even if we assume that Grenade is right, "the failure to prove instances of actual confusion is not dispositive."  Id. (quoting Sleekcraft, 599 F.2d at 352).

**AFFIRMED.**